**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff/Respondent,** | § | |
| | § | |
| **v.** | § | **CR. No. C-09-699** |
| | § | |
| **LILLIAN LEEILA KOURI,** | § | |
| **Defendant/Movant.** | § | |

**ORDER DENYING MOTION TO AMEND SENTENCE 3582(c) AND DENYING**
**MOTION FOR RECORDS AT GOVERNMENTAL EXPENSE**

Pending before the Court is Lillian Leeila Kouri's motion to amend her sentence. (Dkt. Nos. 19, 21.) Also pending before the Court is Kouri's motion for copies of all Court records. (Dkt. No. 22.) Kouri was sentenced to 135 months in the Bureau of Prisons in December 2009 based upon her guilty plea to the charge of possession with intent to distribute 12.69 kilograms of heroin. (Dkt. No. 17.)

Kouri seeks modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2). She claims that the November 2010 amendments to the Sentencing Guidelines apply. Kouri contends that her lack of criminal background and her history of mental and physical illness allow the Court to reduce her offense calculation by 2 points. Dkt. No. 21.

Ordinarily, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, —U.S.—, 130 S.Ct. 2683, 2687 (2010); 18 U.S.C. § 3582(c). Congress has provided an exception to that rule when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(2). "In those circumstances, § 3582(c)(2) authorizes a court to reduce the

1

term of imprisonment 'if such a reduction is consistent with' applicable Commission policy statements." *Dillon*, 130 S.Ct. at 2687.

The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. Id. Section 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. "When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon*, 130 S.Ct. at 2688. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" *Id*. (citing § 1B1.10(b)(1)). Furthermore, "[i]t is also notable that [§ 3582(c)(2)] applies only to a limited class of prisoners-namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." *Dillon*, 130 S.Ct. at 2691. The *Dillon* Court confirmed that "Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id*.

Thus, for Kouri to obtain a reduction in her sentence, the amendment Kouri seeks to apply must be listed in § 1B1.10, and must lower the Guideline range applicable to her. *See, e.g.*, *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Kouri's base offense level was determined by the quantity of drugs she was transporting. Because she was transporting 12.69 kilograms of heroin, her base offense level is 36. The base offense level for this quantity of heroin did not change in November 2010. She received a three point decrease for acceptance of responsibility. She had no criminal history points, therefore her criminal

history category is a level I. Her guideline range is 135 to 168 months. The statutory mandatory

minimum is 120 months. Kouri's sentence was at the low end of the advisory guideline range.

Kouri appears to argue that the permissible downward departure of § 5H1.2 for Mental and

Emotional Conditions, Amendment 739, applies. That provision allows a district court to depart

downward in some circumstances. "Mental and emotional conditions may be relevant in determining

whether a departure is warranted, if such conditions, individually or in combination with other

offender characteristics, are present to an unusual degree and distinguish the case from the typical

cases covered by the Guidelines." U.S.S.G. § 5H1.2 Mental and Emotional Conditions (Policy

Statement). Amendment 739 is not made retroactive by the November 2010 amendments. *See* §

1B1.10 (listing retroactive amendments).

Although changes in the Guidelines for permissible downward departures at original

sentencing have changed, none of these affect the Guideline calculation application to Kouri.

Therefore, a reduced sentence is not authorized.  U.S.S.G. § 1B1.10(a). Accordingly, the Court

concludes that Kouri is not entitled to a reduction of sentence.

Kouri also filed a motion seeking copies of all her Court records, transcripts, dockets,

hearings, or plea agreements at government expense. (Dkt. No. 22.) The Clerk's office sent her a

copy of the docket sheet on March 21, 2011. (Dkt. No. 22-2.) Although Kouri qualified as indigent

after she was arrested and has remained in custody since that time (Dkt. Nos. 4, 5), she is not entitled

to the documents she seeks at government expense for the reasons outlined in this Order.[1]

---

[1]    Kouri's case manager at the BOP facility in which she is incarcerated can likely provide her with access to
her Presentence Investigation Report.

An indigent defendant does not have a right to documents at government expense unless the transcripts are necessary to decide a pending action and the pending action is not frivolous. *See* 28 U.S.C. § 753(f) (in order to be entitled to transcripts, an indigent defendant must establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous); *see also United States v. Herrera*, 474 F.2d 1049, 1049–50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Presumably, Kouri wanted the documents to support her claim to a sentence reduction. Because Kouri's request for a sentence reduction can be determined by reference to the applicable amendment and § 1B1.10, the documents are unnecessary to a resolution of this motion. Kouri's letter motion (Dkt. No. 22) is DENIED.

### CONCLUSION

Lillian Kouri's motion for a sentence reduction (Dkt. Nos. 19, 21) is DENIED. Her request for documents at government expense (Dkt. No. 22) is also DENIED.

It is so **ORDERED.**

**SIGNED** on this 29th day of April, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE